AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Mississippi

| | |
|---|---|
| United States of America<br>v.<br>Jose Gilberto Granados<br>&<br>Maria Betancourt Castillo<br><br>*Defendant(s)* | )<br>)<br>) Case No. 1:16mj 52-JCG<br>)<br>)<br>) |

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 30 2016
ARTHUR JOHNSTON
BY _____ DEPUTY

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __June 29, 2016__ in the county of __Harrison__ in the __Southern__ District of __MS, Southern Division__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) | Possession with Intent to Distribute a Controlled Substance, to wit, 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance. |

This criminal complaint is based on these facts:
See affidavit attched hereto and incorporated herein

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Robert Drace, Task Force Agent DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 06/30/2016          _____
                                        *Judge's signature*

City and state: Gulfport, Mississippi       John C. Gargiulo, United States Magistrate Judge
                                                             *Printed name and title*

## AFFIDAVIT

I, Robert W. Drace, being first duly sworn, state as follows:

### Introduction

Your Affiant, Robert W. Drace, is a Task Force Agent (TFA) with the Drug Enforcement Administration (DEA), United States Department of Justice. TFA Drace has been a sworn law enforcement officer with the Harrison County Sheriff's Department since February 2002. TFA Drace was deputized as a Task Force Agent in September 2013. TFA Drace is authorized to perform duties as provided by law and department regulations and as such participates in investigations enforcing Title 21, United States Code, Section 878, to enforce Title 21 and other criminal laws of the United States. He has received special training in the enforcement of laws concerning controlled substances as found in Title 21 of the United States Code. He has participated in and has conducted investigations which have resulted in the arrest and conviction of individuals who have smuggled, received, and distributed controlled substances, as well as the seizure of illegal drugs and proceeds derived from the sale of those illegal drugs. In addition, he has conducted, in connection with these and other cases, follow-up investigations concerning the concealment of narcotics-produced assets, money, bank records, etc., and the identification of co-conspirators through the use of ledgers, telephone bills and records, and photographs, as related to drug trafficking. He has been involved in various types of electronic surveillance, in the execution of search and arrest warrants, and in the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the distribution and transportation of controlled substances, and of the laundering and concealing of proceeds from controlled substance trafficking.

### Probable Cause Factual Basis

On June 29, 2016, at approximately 5:23 pm, Harrison County Sheriff's Department Captain Bruce Carver conducted a traffic stop on a red 2012 Kenworth Semi bearing Texas license plate R246688 for a driving violation on Interstate 10 East at the 31 Mile Marker in Gulfport, Mississippi. Captain Carver subsequently made contact with the driver, later identified as Jose GRANADOS, and a rear cab passenger, later identified as Maria BETANCOURT CASTILLO. Captain Carver engaged GRANADOS in a conversation and GRANADOS made several statements that were inconsistent in regards to the transportation industry standards. Additionally, GRANADOS said that he was an experienced veteran truck driver but his statements led Captain Carver to believe that he was inexperienced. GRANADOS further related that he owned additional trucks but that he had borrowed money from his sister to purchase the trucks. GRANADOS later admitted that he was previously arrested for conspiracy to distribute narcotics and that he was currently on probation. Based on these aforementioned facts and Captain Carver's training and experience, Captain Carver believed that criminal

activity was afoot leading him to ask for consent to search of the semi and trailer. GRANADOS granted written consent to the search. The search revealed tooling marks and paint deformations on the passenger side steps and fender. Captain Carver also noticed a difference in temperature on each side of the tank as he felt the exterior of the tank. At this time, an officer with the Mississippi Department of Transportation arrived to assist and identified inconsistencies in the log book and an altered bill of laden. Due to the large scale area to be searched and location of the stop, Captain Carver requested a narcotics canine. An exterior canine sniff resulted in a positive alert for the presence of narcotics.

Captain Carver related his findings to GRANADOS who admitted that there were eighty kilograms of cocaine being stored in the tank of the semi. The semi and trailer were then relocated to the Harrison County Sheriff's Department Workcenter where a more extensive search of the passenger side fuel tank revealed a sophisticated modification to one of the ends. Captain Carver and TFO Drace located and removed eighty-four kilograms of suspected cocaine HCL from within the tank. A preliminary test on one of the kilograms size packages resulted in a presumptive positive reaction for cocaine.

While at the workcenter, TFO Drace and Special Agent Don Penny advised GRANADOS of his rights per Miranda which he acknowledged and later waived. In a subsequent interview, GRANADOS advised agents that he purchased the 2012 Kenworth Semi with $47,000.00 cash which he received from members of a drug trafficking organization with the understanding that it would be used to smuggle cocaine throughout the United States. GRANADOS further admitted to previous successful deliveries of cocaine to North Carolina. GRANADOS also stated that he believed that there was eighty kilograms of cocaine hidden in the semi. GRANADOS further related that he anticipated a payment of $800.00 per kilogram and that he would gross $64,000.00 for a successful delivery. Additionally GRANADOS advised agents that BETANCOURT CASTILLO had knowledge of and had previously participated in trips involving the transportation of cocaine. GRANADOS concluded by stating that BETANCOURT CASTILLO was also benefitting from the proceeds procured from the illicit activity.

Subsequent to the investigation, the suspected cocaine was transported to the Gulfport Resident Office where it was weighed and had an approximate total package weight of 90.9 kilograms.

## CONCLUSION

Based upon my experience as a DEA Task Force Agent and the facts listed above involving, it is my opinion that there is probable cause to believe that violations of Title 21, United States Code, Section 841(a)(1), have been committed in the Southern District of Mississippi by Jose Gilberto GRANADOS and Maria BETANCOURT CASTILLO who possessed, with the intent to distribute, cocaine HCL.

_____
Robert W. Drace
Task Force Agent
Drug Enforcement Administration


Sworn and subscribed this 30th day of June, 2016 before

_____
United States Magistrate Judge